# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )  )  v. )  )  KHYREE GARDENHIRE, )  )  Defendants. ) | Criminal No. 15-87  Judge Nora Barry Fischer |

### MEMORANDUM OPINION

I.     INTRODUCTION

This multi-defendant heroin trafficking conspiracy case is set for jury selection and trial to commence on April 24, 2017 at 9:30 a.m. (Docket No. 1774). Presently before the Court are two pretrial motions filed by Defendant Khyree Gardenhire, ("Khyree"),[1] including a motion to dismiss Count 1 and a motion to suppress evidence, (Docket Nos. 1806, 1807, 1808), both of which are opposed by the Government, (Docket No. 1953 at 29-32; 105-08). The Court held a motion hearing on February 23, 2017 during which the parties presented evidence as to the motion to suppress and declined the opportunity to provide oral argument on the motion to dismiss, resting on their previously filed papers. (Docket No. 2014). In light of this posture, the motion to dismiss is now ripe for disposition.[2] After careful consideration of the parties' arguments and for the following reasons, Khyree's motion to dismiss [1806] is denied.

---

[1]     The Court utilizes Khryee's first name to differentiate him from his codefendants with the same last name, including his father, Lance Gardenhire, and step-mother Lasean Gardenhire.

[2]     At the conclusion of the proceeding, the Court entered an Order setting a briefing schedule for the parties to file proposed findings of fact and conclusions of law on the suppression motion by March 8, 2017 and any responses thereto by March 15, 2017. (Docket No. 2015). The Court will issue a separate opinion on that motion at the appropriate time.

1

II. BACKGROUND

Khyree is charged with three counts in the Superseding Indictment: one count of conspiracy to distribute and possess with intent to distribute 1 kilogram or more of heroin, in violation of 21 U.S.C. § 846, for conduct occurring from in and around March 2012 to on or about May 21, 2015, (Count 1); one count of attempt to possess with intent to distribute 1 kilogram or more of heroin, in violation of 21 U.S.C. § 846, for conduct occurring on or about August 1, 2014 to on or about August 2, 2014, (Count 2); and one count of possession with intent to distribute and distribution of heroin, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C), for conduct occurring on or about January 15, 2015, (Count 49). (Docket No. 1020). The potential penalties for Counts 1 and 2 include a mandatory term of incarceration of 10 years and up to life imprisonment and the potential penalties for count 49 include a term of incarceration of up to 20 years' imprisonment. (Docket No. 1021).

Khyree is presently 21 years old, with a date of birth of June 1, 1996. (Docket Nos. 1806, 1807). He was a juvenile at the outset of the conspiracy charged in the Superseding Indictment, i.e., he was 15 years old in March of 2012 and did not turn 18 until June 1, 2014. (*Id.*). He therefore admits that he was 18 years old during the remaining portion of the charged conspiracy ending on May 21, 2015 as well as on August 1- 2, 2014 and January 15, 2015, which are the dates of the alleged criminal activity charged at Counts 2 and 49. (*Id.*). The Court understands from the filings in this matter that the attempt charge at Count 2 arises from a traffic stop of a codefendant as he was traveling west on I-80 in Luzerne County on August 2, 2014 and resulted in the seizure of 2,400 bricks of heroin. (Govt. Ex. 2). In addition, the possession with intent to distribute charge at Count 49 relates to 53 bricks of heroin seized from Khyree's person

on January 15, 2015 and is the subject of the pending motion to suppress evidence. (Govt. Ex. 5).

III. LEGAL STANDARD

Motions to dismiss are governed by Rule 12 of the Federal Rules of Criminal Procedure. FED. R. CRIM. P. 12. Specifically, Rule 12(b)(2) provides that "[a] motion that the court lacks jurisdiction may be made at any time while the case is pending." Fed. R. Crim. P. 12(b)(2). The requirements of the contents of an indictment are set forth in Rule 7 of the Federal Rules of Criminal Procedure. FED. R. CRIM. P. 7. Pursuant to Rule 7(c)(1), an indictment must "be a plain, concise, and definite written statement of the essential facts constituting the offense charged" and "must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." FED. R. CRIM. P. 7(c)(1). The purpose of the promulgation of Rule 7 was to abolish detailed pleading requirements and the technicalities previously required in criminal pleading. *See United States v. Huet*, 665 F.3d 588, 594 (3d Cir. 2012) (citing *United States v. Resendiz-Ponce*, 549 U.S. 102, 110 (2007)); *see also United States v. Bergrin*, 650 F.3d 257, 264 (3d Cir. 2011) (same citation). "Although detailed allegations may have been required under a common law pleading regime, they 'surely are not contemplated by [the Federal Rules].'" *Huet*, 665 F.3d at 594 (quoting *Resendiz-Ponce*, 549 U.S. at 110).

It is well established that:

> an indictment [is] sufficient so long as it '(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution.' *United States v. Vitillo*, 490 F.3d 314 (3d Cir. 2007) (internal quotation marks omitted). Moreover, 'no greater specificity than the statutory language is required so long as there

> is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution.' *United States v. Rankin*, 870 F.2d 109, 112 (3d Cir. 1989).

*Bergrin*, 650 F.3d at 264 (quoting *United States v. Kemp*, 500 F.3d 257, 280 (3d Cir. 2007)). "Generally, an indictment will satisfy these requirements where it informs the defendant of the statute he is charged with violating, lists the elements of a violation under the statute, and specifies the time period during which the violations occurred." *Huet*, 665 F.3d at 595 (citing *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005)); *see also United States v. Stock*, 728 F.3d 287, 292 (3d Cir. 2013). However, "'defects in an indictment do not deprive a court of its power to adjudicate a case.'" *Vitillo*, 490 F.3d at 320 (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

IV.   DISCUSSION

Khyree moves to dismiss Count 1 of the Superseding Indictment, arguing that the Court lacks subject matter jurisdiction over that count under the Federal Juvenile Delinquency Act, 18 U.S.C. §§ 5031, 5032, ("FJDA"), because he was under the age of 18 at the outset of the charged conspiracy, i.e., on or about March 2012. (Docket Nos. 1806, 1807). He further contends that the Government must present evidence to show that he ratified participation in the conspiracy after his 18th birthday prior to trial. (*Id.*). In response, the Government counters that the FJDA does not prohibit Khyree's prosecution on the charge at Count 1. (Docket No. 1953 at 105-08). The Government sets forth several reasons in opposition: (1) caselaw establishes that the FJDA does not set forth a pleading requirement; (2) the grand jury charged defendant with separate overt acts after he turned 18 in each of counts 2 and 49, supporting his being charged as an adult; and (3) that, to the extent necessary, it will prove at trial that he ratified participation in the

conspiracy after reaching the age of majority. (*Id.*). For the following reasons, the Court agrees with the Government's position and will deny the motion to dismiss.

Federal courts have subject matter jurisdiction over "all offenses against the laws of the United States." *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."). The FJDA places certain limitations on the subject matter jurisdiction of federal courts in the prosecution of juveniles and for adults charged with offenses committed while juveniles, setting forth procedural requirements that must be met in specific instances outlined in the law. *See* 18 U.S.C. §§ 5031, 5032. Relevant here, pursuant to the FJDA,

> the government may not proceed in federal court against a defendant under the age of twenty-one for acts the defendant committed before turning eighteen unless the government "certifies" that certain conditions are met and that federal jurisdiction is appropriate. 18 U.S.C. §§ 5031, 5032. However, a defendant between the ages of eighteen and twenty-one charged with participation in a conspiracy that spanned his eighteenth birthday may be proceeded against in federal court as an adult, for actions committed as an adult, without certification.

*United States v. Machen*, 576 F. App'x 561, 562 (6th Cir. 2014). For a continuing crime, such as a conspiracy, that occurred both before and after the defendant turned 18, "courts uniformly have held that adult prosecution is warranted." *United States v. Camez*, 839 F.3d 871, 874 (9th Cir. 2016) (citing *United States v. Wong*, 40 F.3d 1347, 1365 (2d Cir. 1994) ("It is well established that federal courts have jurisdiction over conspiracies begun while a defendant was a minor but completed after his eighteenth birthday."); *United States v. Cruz*, 805 F.2d 1464, 1475 (11th Cir. 1986) ("'The [JDA] does not, of course, prevent an adult criminal defendant from being tried as an adult simply because he first became embroiled in the conspiracy with which he is charged while still a minor.'") (further citations and quotations omitted)). Courts have also recognized

5

that while the Government may be required to ultimately prove that the defendant ratified his participation in the conspiracy after he reached the age of majority to satisfy the FJDA, the law does not set forth a pleading requirement, but one that must be met at trial. *See e.g., Machen*, 576 F. App'x. at 564-65; *Camez*, 839 F.3d at 874-76; *United States v. Guerrero*, 768 F.3d 351, 361–62 (5th Cir. 2014); *Wong*, 40 F.3d at 1366 (internal quotations omitted) ("[b]ecause conspiracy is a continuing crime that endures until its objectives are either completed or abandoned, [ … ], a federal court may assume jurisdiction over a defendant upon a threshold demonstration of post-eighteen conspiracy activity.").

In this Court's estimation, Count 1 of the Superseding Indictment satisfies all of the general pleading requirements required under Rule 7 because it: (1) informs Khyree that he is charged with violating 21 U.S.C. § 846, an offense against the United States over which this Court has jurisdiction; (2) sufficiently sets forth the elements of the charge of conspiracy to distribute and possess with intent to distribute more than 1 kilogram of heroin, including the applicable *mens rea* of acting knowingly, intentionally and unlawfully to conspire with persons both known and unknown to the grand jury to distribute and possess with intent to distribute such heroin; and, (3) specifies the time frame of the alleged criminal conduct, i.e., from March 2012 through May 21, 2015. *See Bergrin*, 650 F.3d at 264.

Following the above authority, the Government's failure to specifically plead that Khyree participated in the conspiracy charged at Count 1 after his 18th birthday on June 1, 2014 does not justify the dismissal of Count 1 for lack of subject matter jurisdiction. *See Vitillo*, 490 F.3d at 320. Simply put, this Court's jurisdiction over Count 1 is established based on the allegation that Defendant committed a conspiracy offense in violation of 21 U.S.C. § 846 that includes conduct that occurred while he was a juvenile (i.e., from March 2012 to May 30, 2014), and continued

after he became an adult, (i.e., from June 1, 2014 through May 21, 2015).[3]  See *Camez*, 839 F.3d at 874-76; *Guerrero*, 768 F.3d at 361–62; *Wong*, 40 F.3d at 1366.  In such circumstances, the certification by the Attorney General set forth in 18 U.S.C. § 5032 is not required.  See *Machen*, 576 F. App'x at 562.  And, any alleged pleading defect in this regard does not deprive this Court of jurisdiction or "its power to adjudicate a case." *Vitillo*, 490 F.3d at 320 (quotation omitted).

Alternatively, the Court holds that the grand jury's return of the charges against Khyree at Counts 2 and 49 which allegedly occurred at times <u>after</u> he turned 18 years old demonstrates probable cause that he committed those offenses and thereby ratified his participation in the conspiracy charge at Count 1 after his 18th birthday.  See *United States v. Atkins*, Crim. No. 15-87, 2015 WL 4920831, at *4 (W.D. Pa. Aug. 18, 2015) (citing *United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986)) ("The grand jury's return of the Indictment suffices to demonstrate probable cause that these offenses were committed.").  In this context, ratification "simply means that a defendant continues to participate in an ongoing conspiracy after his 18th birthday." *Guerrero*, 768 F.3d at 361-62.  Here, Khyree is charged with committing the offense of attempt to possess with intent to distribute 1 kilogram or more of heroin on <u>August 1 and August 2, 2014</u> and possession with intent to distribute heroin on <u>January 15, 2015</u>.  (Docket No. 1020).  As both of these offenses occurred after Khyree's 18th birthday, and constitute overt acts taken in furtherance of the conspiracy to distribute and possess with intent to distribute 1 kilogram or more of heroin, the Court finds that the Superseding Indictment sufficiently charges that Khyree ratified participation in the conspiracy after his 18th birthday, despite its lack of a specific reference to this age.  See *Machen*, 576 F. App'x. at 564-65.

---

3   The Court notes that some of the codefendants in this case were also juveniles at the start of the conspiracy but reached the age of majority before its conclusion, including Zachary Chapman and Marquese Underwood.  Both Chapman and Underwood pled guilty to a lesser included offense at Count 1 and have been sentenced for their crimes.  Neither raised any objection under the FJDA.

Finally, even assuming that the FJDA sets forth a requirement that the Government make a pre-trial "threshold showing" of Khyree's post-18th birthday ratification in the conspiracy count, the Court holds that the charges at Counts 2 and 49, coupled with the evidence before the Court supporting same, certainly suffice to make such a "threshold showing." *See Wong*, 40 F.3d at 1366 ("[b]ecause conspiracy is a continuing crime that endures until its objectives are either completed or abandoned, [ … ], a federal court may assume jurisdiction over a defendant upon a threshold demonstration of post-eighteen conspiracy activity.") (internal quotations omitted). In this regard, the affidavit of DEA Special Agent Michael Johns of the Drug Enforcement Administration indicates that 2,400 bricks of heroin were seized from the codefendant on August 2, 2014 and –setting aside the Constitutional issue raised in the suppression motion—an additional 53 bricks of heroin were seized from Khyree on January 15, 2015. (Govt Exs. 2, 5; Docket Nos. 1953-1; 1953-4). According to Special Agent Johns, "[a] brick generally contains 1 ½ to 2 grams of heroin in 50 stamp bags organized into bundles of 10 stamp bags." (Govt. Ex. 2; Docket No. 1953-1 at 66). In light of these computations, 2,453 bricks of heroin generally weigh much more than one kilogram, and the conspiracy charge at Count 1 is fully supported. *See Wong*, 40 F.3d at 1366.

Overall, the Court concludes that it has jurisdiction over Count 1 and that the FJDA does not preclude Defendant's prosecution for same. As the charge is otherwise sufficiently pled, it "is enough to call for trial of the charge on the merits." *Huet*, 665 F.3d at 595 (quotations omitted). Accordingly, Khyree's motion to dismiss must be denied.

V.  CONCLUSION

Based on the foregoing, Khyree's motion to dismiss [1806] is denied. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Date:   February 24, 2017

cc/ecf:  All counsel of record.

Khyree Gardenhire c/o Christy Foreman, Esquire